# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATA NIGIEMATULINA,<br><br>                   Petitioner,<br><br>  v.<br><br>KRISTI NOEM, *et al.*,<br><br>                   Respondents. | Case No. 26-cv-00359-BAS-BJW<br><br>**ORDER:**<br><br>**(1) CLARIFYING JUDGMENT (ECF No. 8);**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO ENFORCE JUDGMENT (ECF No. 9); AND**<br><br>**(3) GRANTING IN PART AND DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 10)** |

      Petitioner Renata Nigiematulina filed a renewed Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her immigration detention. (Pet., ECF No. 1.) Petitioner is a Russian national who is subject to a final order of removal, but she was granted withholding of removal to Russia. (*Id.*, Ex. C.)

      After a hearing, the Court granted the Petition on January 30, 2026. (ECF No. 6.) The Court found Petitioner's detention violated *Zadvydas v. Davis*, 533 U.S. 678 (2001),

because there was no reasonable likelihood of removal in the reasonably foreseeable future. (*Id.*) The Court ordered Respondents to release Petitioner and found it appropriate to grant the following permanent injunctive relief:

> Respondents are **PROHIBITED** from removing Renata Nigiematulina, A244-037-142, without providing Petitioner and her counsel with notice of the country Respondents plan to remove her to and an opportunity to be heard.
>
> Respondents are **PROHIBITED** from re-detaining Renata Nigiematulina, A244-037-142, for removal unless Respondents have obtained a travel document to effectuate removal.

(*Id.*)

On February 26, 2026, Petitioner filed an Emergency Motion to Enforce the Judgment. (ECF No. 9.) Petitioner's counsel states that on the morning of February 26, Petitioner "was arrested at an ICE check-in in Los Angeles and informed she was being deported to Moldova." (*Id.*) It is not clear whether Respondents have a travel document for removal to Moldova. (*See id.*) The same day, Petitioner filed a Motion for Temporary Restraining Order. (ECF No. 10.)

Together, the Motions ask the Court to order Respondents to release Petitioner "if they do not possess a travel document to Moldova." (ECF No. 9.) Alternatively, if Respondents do have a travel document, Petitioner asks the Court to grant various relief, including "a meaningful opportunity, and a minimum of ten days," to raise a fear-based claim for protection prior to removal to Moldova. (*Id.*)

The Court has "continuing jurisdiction to enforce [its] injunctions." *Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994). Petitioner "has the burden of showing by clear and convincing evidence" that Respondents "violated a specific and definite order of the court." *See Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The burden then shifts to Respondents "to demonstrate why they were unable to comply." *See id.*

Here, the Court's injunctive relief did not prohibit Respondents from re-detaining Petitioner in any circumstances. Rather, they are prohibited from re-detaining her "for

removal unless Respondents have obtained a travel document to effectuate removal." (ECF No. 6.) Petitioner's filings do not show, "by clear and convincing evidence," that Respondents violated this prohibition. *See Stone*, 968 F.2d at 856 n.9. Hence, Petitioner has not met her initial burden on this point.

Even so, the Court's injunctive relief prohibits removal "without providing Petitioner and her counsel with notice of the country Respondents plan to remove her to and an opportunity to be heard." (ECF No. 6.) In similar cases before this Court, there has been some uncertainty as to what "notice" entails. The original intent of the Court's order was to provide a meaningful opportunity for Petitioner and her counsel to raise an objection to the country identified for removal. *See Orozco-Lopez v. Garland*, 11 F.4th 764, 770–71 (9th Cir. 2021) (explaining the process for non-citizens "whose prior removal order has been reinstated" to raise a claim of "'reasonable fear' of persecution or torture in the designated country of removal"). The Court has since specified in comparable cases that Respondents must provide the petitioners and their counsel "notice at least ten days before removal to give them a meaningful opportunity to raise opposition to the third country." *See Subedi v. Noem*, No. 26-cv-00569-BAS-VET (S.D. Cal. Feb. 13, 2026). As mentioned, Petitioner's Motions likewise seek a ten-day period to be specified here. (ECF No. 9.) Accordingly, the Court finds it appropriate to clarify its injunctive relief as follows:

> Respondents are **PROHIBITED** from removing Renata Nigiematulina, A244-037-142, without providing Petitioner and her counsel with notice of the country Respondents plan to remove her to and an opportunity to be heard. Respondents are ordered to give Petitioner and her counsel said notice at least **ten days** before removal to give them a meaningful opportunity to raise opposition to the third country.

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Emergency Motion to Enforce the Judgment (ECF No. 9) and Motion for Temporary Restraining Order (ECF No. 10).

**IT IS SO ORDERED.**

**DATED: February 27, 2026**

Hon. Cynthia Bashant, Chief Judge
United States District Court